UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICAH MAZZACANE

v.                                            Case No. 3:12CV

TRANSUNION LLC
BANK OF AMERICA, N.A.
EQUIFAX INFORMATION SERVICES, LLC.

## COMPLAINT

1. This is an action for actual, statutory and punitive damages, injunctive relief, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), l5 U.S.C. §1681 *et seq.*, and as to Bank of America, also pursuant to the Connecticut Creditor's Collection Practices Act ("CCPA"), Conn. Gen. Stat. §36a-645 *et seq.*

2. Plaintiff's identity was used by her mother to open two Bank of America credit cards, which plaintiff discovered only after her mother's death in June 2010.

3. Plaintiff has been requesting that the accounts be removed from her credit report since the discovery. Defendants have refused.

4. This Court has jurisdiction. 15 U.S.C. §1681p and 28 U.S.C. §1331 and §1367.

5. Plaintiff is an individual who resides in Connecticut.

6. The defendants TransUnion and Equifax are consumer reporting agencies within the meaning of the Fair Credit Reporting Act, § 1681a(f), that issued consumer reports as to plaintiff.

7. The defendant Bank of America furnished information about plaintiff to the consumer reporting agencies.

8. In or about 2006, plaintiff's mother, Donna Mazzacane, opened two credit card accounts ending in 2444 and 0171 in the name of plaintiff with Bank of America.

9. Plaintiff did not have knowledge of the credit card accounts, did not have possession or control of the physical credit cards, and did not use or benefit from the accounts.

10. Before June, 2010, all bills on the credit card accounts were mailed to her mother's post office box to which plaintiff did not have access.

11. In June 2010, plaintiff's mother died.

12. Thereafter plaintiff discovered the existence of the disputed credit cards.

13. By letter dated July 21, 2010, Bank of America was notified that plaintiff was represented by counsel (Kolb & Associates, P.C.) and that the credit cards were not authorized by plaintiff.

14. In 2010, plaintiff submitted a fraud affidavit to Bank of America as to the two accounts.

15. Thereafter, Bank of America changed the address on the credit card accounts to plaintiff's residence address and continued to make efforts to collect on the disputed accounts directly with plaintiff, including letters dated August 12, 2010, December 21, 2011 and January 11, 2012, and thereafter forwarding the accounts to collection agencies.

16. Plaintiff had her own Bank of America credit card account which was paid in full without dispute.

17. Plaintiff's credit file includes several credit accounts which have been timely paid or paid in full.

18. The two disputed Bank of America accounts are the only negative items on plaintiff's credit report.

19. Defendants Equifax and TransUnion thereafter disclosed plaintiff's consumer file to inquirers including disclosure of the two negative Bank of America accounts.

20. On February 1, 2012, plaintiff disputed the accounts with consumer reporting agencies.

21. The consumer reporting agencies were required by the FCRA to convey plaintiff's disputes to Bank of America.

22. Upon receipt of information from the consumer reporting agencies that plaintiff disputed information about the accounts, Bank of America reported back to the consumer reporting agencies that the accounts belonged to plaintiff.

23. Both consumer reporting agencies informed plaintiff that after investigation, each had determined that the accounts belonged to plaintiff.

24. In February 2012, plaintiff filed a police report based on her mother's identity theft with the Branford Police Department.

25. By fax dated February 23, 2012, plaintiff submitted an Identity Theft Report to the consumer reporting agencies, and again requested the consumer reporting agencies to delete the disputed accounts, and included a copy of the Branford Police Department report.

26. Neither TransUnion nor Equifax responded to the February 23, 2012, Identity Theft Report nor took any actions required by the Fair Credit Reporting Act in the circumstances, including §1681c-1(a)(1).

27. Upon information and belief, defendants received notice from Experian upon its removal of the identity theft accounts, including notice under §1681c-1(e).

28. Defendants had sufficient information to determine, upon reasonable investigation, that the disputed accounts were the product of identity theft by plaintiff's mother.

29. Plaintiff believes that the defendants failed to follow reasonable procedures to assure maximum possible accuracy when preparing credit reports concerning her or failed to conduct a reasonable investigation of her dispute.

30. Plaintiff alleges that defendant's conduct was willful.

31. As a direct and proximate result of such conduct, the plaintiff incurred actual damage including expense, damage to her credit reputation, reduction of her credit score, unwanted collection efforts, inconvenience, lost prescreening opportunities, invasion of privacy and emotional distress.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and further relief as law or equity may provide.

THE PLAINTIFF

*Joanne S. Faulkner*

BY_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 065l1-2422
(203) 772-0395
j.faulkner@snet.net

4